J-S52034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANGELO PICCARRETA, | : | |
| | : | |
| Appellant | : | No. 3398 EDA 2015 |

Appeal from the PCRA Order November 5, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004746-2011

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 24, 2016**

Michael Angelo Piccarreta (Appellant) appeals from the November 5, 2015 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1]

---

[1] Counsel has confused the required procedures for withdrawing from representation on direct appeal and withdrawing on a PCRA appeal.  Direct appeal counsel seeking to withdraw from representation must comply with the requirements set forth in **Anders** and **Santiago**. The procedural requirements set forth in **Commonwealth v. Turner**, 544 A.2d 297 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998) (*en banc*), govern withdrawal by counsel from representation on PCRA appeals. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). However, an **Anders** brief which complies substantially with the requirements of **Turner**/**Finley** is sufficient to allow withdrawal. **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008).

*Retired Senior Judge assigned to the Superior Court.

Upon review, we affirm the order of the PCRA court and grant counsel's petition to withdraw.

On June 13, 2011, Appellant and several co-defendants were charged with numerous drug-related offenses arising out of their involvement in a drug distribution ring. Appellant posted bail in this matter on June 15, 2011. On April 9, 2013 Appellant filed a motion to dismiss his case pursuant to Pa.R.Crim.P. 600(A)(3) alleging violation of his right to a prompt trial.[2] A hearing was held on this motion on April 24, 2013, and the trial court denied the motion at the conclusion of the hearing.

On July 12, 2013, following a joint stipulated bench trial, the trial court convicted Appellant of six counts of possession with intent to deliver (PWID) and one count of criminal conspiracy. Appellant was sentenced to a term of four to twelve years of incarceration. Appellant timely filed a notice of appeal to this Court arguing that the trial court erred in denying his Rule 600 motion. Specifically, Appellant argued that the trial court erred: 1) by calling its own witnesses at the Rule 600 hearing, 2) in finding the time period between October 20, 2011 and July 20, 2012 excludable, and 3) by denying the Rule 600 motion after he established 404 days of non-excludable time.

---

[2] This rule provides that "[t]rial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(3). Effective July 1, 2013, a new version of Rule 600 was adopted; however, that does not affect our analysis herein.

On July 14, 2014, a panel of this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Piccarreta**, 105 A.3d 790 (Pa. Super. 2014) (unpublished memorandum). In so doing, the panel concluded that the trial court did not commit legal error in the way it conducted the Rule 600 hearing. The panel further concluded that Appellant waived his claims regarding the calculation of excludable time by failing to include them in his Pa.R.A.P. 1925(b) statement.[3]

On June 26, 2015, Appellant timely filed *pro se* a PCRA petition. Counsel was appointed and an amended petition was filed. In that petition, Appellant argued that trial counsel was ineffective for failing to preserve his appellate rights as to the two issues this Court held were waived for failure to include them in the Pa.R.A.P. 1925(b) statement. On October 7, 2015, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and on November 5, 2015, the PCRA court dismissed the petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[3] The only other issue presented in Appellant's Pa.R.A.P. 1925(b) statement was that the "trial court erred as a matter of law … by finding that [Appellant] waived his Rule 600 rights on various dates when there was no record evidence of any such waiver." Statement of Matters Complained of on Appeal, 9/3/2013, at ¶ 2.

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> … **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Wrecks**, 931 A.2d at 721 (citations omitted).

We are satisfied that counsel has complied with the technical requirements of **Turner** and **Finley**. Therefore, we will consider the substantive issues contained in counsel's brief.

"Our standard of review of a [] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

In his PCRA petition, Appellant raises a claim of ineffective assistance of counsel. "It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must show each of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

In this case, *Turner/Finley* counsel concedes that appellate counsel was deficient by failing to preserve Appellant's Rule 600 claims in his Pa.R.A.P. 1925(b) statement filed for the direct appeal. Appellant's Brief at 15. However, at this juncture, "[i]n order to determine whether there is arguable merit to the claim of appellate counsel ineffectiveness, we examine the substance of the underlying claim." *Commonwealth v. Williams*, 980

A.2d 510, 521 (Pa. 2009). Accordingly, we analyze the merits of Appellant's Rule 600 motion.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*). Furthermore,

> [t]he proper scope of review … is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

* * *

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Id.* at 1238-39 (internal citations and quotation marks omitted).

In determining whether Rule 600 was violated, "[c]ase law [] provides that a court must account for any 'excludable time' and 'excusable delay.' Excludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the

Commonwealth's control and despite its due diligence." ***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013) (citations omitted).[4]

Instantly, the Commonwealth filed the criminal complaint on June 13, 2011, and the Rule 600 motion was filed on April 9, 2013, well outside of the 365 day timeframe. Appellant's concerns center around the time period between October 20, 2011 and July 20, 2012.[5] Specifically, Appellant

---

[4] In this regard, Pa.R.Crim.P. 600 provides, in relevant part, as follows.

> (C) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> > (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;
> >
> > (2) any period of time for which the defendant expressly waives Rule 600;
> >
> > (3) such period of delay at any stage of the proceedings as results from:
> >
> > > (a) the unavailability of the defendant or the defendant's attorney;
> > >
> > > (b) any continuance granted at the request of the defendant or the defendant's attorney.

***Commonwealth v. Ramos***, 936 A.2d 1097, 1101 (Pa. Super. 2007).

[5] There is no dispute that the time period between June 13, 2011 and October 20, 2011 is neither excludable time nor excusable delay. Moreover, there does not appear to be a dispute as to how the time between July 20, 2012, and April 9, 2013, should be counted.

suggests he was not represented by an attorney and did not consent to the postponement of his case at any point during that period of time. **See** Motion to Dismiss Pursuant to Rule 600(A)(3), 4/9/2013, at ¶ 6.

At the Rule 600 hearing, Christine Sanchez, Deputy Court Administrator, testified.[6] She reviewed and produced the records kept by Court Administration. She testified that on October 20, 2011, defense counsel, Vince Cirillo, Esquire, requested the pre-trial conference be rescheduled by Court Administration.[7] Sanchez testified that Court Administration therefore rescheduled the pre-trial conference to November 10, 2011. N.T., 4/24/2013, at 11. With respect to what happened on November 10, 2011, Sanchez testified that there was no specific order for Appellant's case, but that notes from Court Administration indicate that defense counsel requested a continuance of the pre-trial conference.[8] Her

---

[6] We point out that the Rule 600 hearing was held on cases that applied to both Appellant and a co-conspirator, Victoria Santino. Moreover, both individuals had numerous cases pending during this period, and there was some confusion throughout the hearing about the various docket numbers.

[7] While the order shows that this was done "orally in open [c]ourt on the record," no transcript is included in the certified record. Order 10/20/2011. In addition, the Commonwealth concedes that no transcripts are available for this or any other continuance request that took place orally on the record in this case. N.T., 4/24/2013, at 38-39.

[8] Sanchez testified that Court Administration wrote "Defense rescheduled, P.T.C." N.T., 4/24/2013, at 12.

records also indicated that the trial court issued a bench warrant for Appellant. *Id*. at 12.[9]

The next docket entry does not appear until April 10, 2012, and shows that Court Administration rescheduled the pre-trial conference for May 2, 2012.[10] Defense counsel requested for it to be re-listed to May 3, 2012. On May 3, 2012, defense counsel requested the case be continued and re-listed within 60 days by Court Administration. The case was re-listed again for July 20, 2012.

The PCRA court offered the following analysis as to why it concluded that the time period between November 10, 2011, and April 10, 2012, is excludable.

> As to the November 10, 2011 continuance request, maintaining the assumption that the transcript does not show [Appellant] or anyone on his behalf requested a continuance, the lack of a request by [Appellant] for a continuance in the transcript does not refute [Sanchez's] testimony regarding the November 10, 2011 continuance, which she testified it was due to a defense reschedule. As noted, not everything that happens at a pre-trial conference is reflected in a transcript. So even if a

---

[9] By way of background, on October 11, 2011, the Commonwealth had filed a motion to revoke Appellant's bail as he had been arrested on July 19, 2011, and again on August 3, 2011, which violated the conditions of his bail. On November 21, 2011, the Commonwealth's motion to revoke bail was granted, and Appellant's bail was reset. He posted new bail on November 23, 2011.

[10] "Appellant's counsel admitted in his Rule 600 motion that a pre-trial conference was scheduled for April 11, 2012, but that appellant failed to appear and a bench warrant was issued." PCRA Court Opinion, 12/18/2015, at 11 n. 3.

transcript is silent on the matter, [the trial court's] credibility determination as to [] Sanchez would not be disturbed.

PCRA Court Opinion, 12/18/2015, at 13.

The PCRA court's determination is supported by the record. Pa.R.Crim.P. 600(C)(3)(b) is clear that "any continuance granted at the request of the defendant or the defendant's attorney" is excludable. The PCRA court believed Sanchez's testimony that defense counsel requested continuances on October 20, 2011 and November 10, 2011, and we will not disturb that credibility determination.[11] ***See Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.").[12]

Thus, we agree with the PCRA court that Appellant has not established that the underlying issue has merit, and therefore counsel could not have been ineffective by failing to pursue these issues on appeal. Moreover, because we agree with Appellant's counsel that the issue Appellant raised in

---

[11] The Honorable William R. Carpenter has presided over all relevant hearings and motions in this case, as well as the PCRA petition at issue.

[12] Moreover, even assuming *arguendo* that the 152 days between November 10, 2011 (when counsel asked for the second continuance) and April 10, 2012 (when a bench warrant was issued for Appellant) is not excludable time, the adjusted run date becomes April 15, 2013 (taking into account the fact that there is no dispute as to how to account for the other time), which made Appellant's April 9, 2013 Rule 600 motion premature.

his PCRA petition does not have merit, we grant his petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/24/2016